IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **DAVID GRANT,** | ) C.A.# 2:06-1667 |
| | ) CR # 2:04-302 |
| **Petitioner,** | ) |
| | ) |
| vs. | ) **ORDER and OPINION** |
| | ) |
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| **Respondent**. | ) |

## PROCEDURAL HISTORY

On March 10, 2004, a federal grand jury issued a four-count indictment charging petitioner ("Grant") with Felon in Possession of a Firearm, Use and Carrying of a Firearm During a Drug Trafficking Crime, Possession With the Intent to Distribute Heroin, and Possession of Heroin and Crack Cocaine. On August 5, 2004, Grant pleaded guilty to the possession with the intent to distribute heroin count.

On January 12, 2005, a sentencing hearing was held before the undersigned who sentenced petitioner to 168 months imprisonment. Following the issuance of the judgment on January 27, 2005, Grant filed his notice of appeal on January 28, 2005.

On September 12, 2005, appellate counsel filed an *Anders* brief on Grant's behalf with the Fourth Circuit, asserting that there were no meritorious grounds for appeal but

raising the issue of whether there was an appealable error pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Grant was notified of his right to file a *pro se* supplemental brief but did not do so. The Fourth Circuit affirmed Grant's conviction and sentence on March 14, 2006. On June 2, 2006, petitioner filed the instant motion pursuant to Title 28, United States Code, Section 2255.

## FACTUAL BACKGROUND

On September 5, 2003, officers with the North Charleston Police Department conducted a traffic stop on a vehicle for the failure to use a turn signal. The driver was driving with a suspended license and was placed under arrest. Officers asked the remaining three passengers to step from the vehicle. Grant was seated in the right front passenger seat. As Grant stepped from the vehicle, one of the officers asked him if he had anything illegal in his possession. Grant responded, "I have a .38 in my pocket." The officer then removed a fully loaded Smith and Wesson .38 revolver from Grant's right rear pocket. Grant was placed under arrest and after waiving his *Miranda* rights, the officer asked Grant if he had any other contraband on his person. Grant replied, "I have some brown (heroin) in my pocket." The officer then recovered a black pouch from Grant's left front pants pocket which contained three rolls of wax paper bindles. The wax

bindles contained heroin with a total lab weight of 19.91 grams. The black pouch also contained a digital scale and 37 additional empty wax bindles.

## WAIVER

None of Grant's current claims (aside from his ineffective assistance of counsel claim) were raised before the Court of Appeals during his direct appeal when they clearly could have been. Since Grant does not give any explanation as to why he waited until after he lost his direct appeal to raise these claims, there is no cause to excuse his procedural default. Claims that could have been raised on appeal, but were not, are waived and may not be asserted in a collateral proceeding absent cause and actual prejudice. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

## ANALYSIS

In his first and second claims for relief, Grant repeatedly argues that the government breached his plea agreement by failing to uphold its "unconditional promise" to move for a downward departure pursuant to section 5K1.1 of the United States Sentencing Guidelines. Unfortunately for Grant, his plea agreement contains no unconditional promise of a downward departure. On the contrary, the plea agreement

specifically reserves to the government the sole discretion to determine what constitutes substantial assistance. In addition, his plea agreement specifically states that any other alleged promises or representations not included in the written plea agreement are null and void.

The decision to make a downward departure motion is within the sole discretion of the government and is not reviewable unless the government bases its decision upon bad faith or an unconstitutional factor, such as gender or religion. *See Wade v. United States*, 504 U.S. 181, 185-87, 112 S.Ct. 1840 (1992); *United States v. Washington*, 68 Fed.Appx. 407, 409 (4th Cir., June 16, 2003) (unpub.); *United States v. LeRose,* 219 F.3d 335, 342 (4th Cir. 2000). In this case, Grant has not even alleged that the government's failure to move for a downward departure was based on any unconstitutional motive. It is clear from the transcript of the sentencing hearing that the government did not move for a downward departure because Grant's attempted cooperation did not lead to any arrests or the prosecution of any other individuals.

Grant's unsubstantiated claim that he provided substantial assistance does not entitle him to discovery or an evidentiary hearing to determine the government's reasons for deciding not to file a motion. *See Wade*, 504 U.S. at 186. Indeed, a defendant does not

have a right to "discovery or an evidentiary hearing unless he makes a substantial threshold showing [of an unconstitutional motive]." *Id*. (internal quotation marks and citations omitted). Moreover, a hearing is not required when a court decides it "would add little or nothing to the written submissions." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). Thus, Grant's first two claims relating to the government's alleged breach of the plea agreement are meritless.

In his third claim, Grant asserts that his guilty plea was falsely induced by the government's same "unconditional promise" to file a downward departure motion at sentencing.[1] As noted above, the terms of Grant's plea agreement clearly stated that the government's obligation to move for a downward departure was conditioned upon his providing "substantial assistance" as deemed by the government. Further, the undersigned specifically inquired during the Rule 11 plea hearing as to whether Grant had relied on any promises or inducements, other than those contained in the plea agreement, in pleading guilty. Grant stated that he had relied on no other promises or inducements. This sworn testimony directly contradicts Grant's allegations of an outside promise made

---

[1] Interestingly enough, the Fourth Circuit specifically noted that Grant did not contest the voluntariness of his plea in his appeal.

by the government. In the absence of extraordinary circumstances, the court must rely on the truth of a defendant's sworn statements made during a Rule 11 colloquy. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992); and *United States v. Lemaster*, 403 F.3d 216, 221-222 (4th Cir. 2005). In sum, both the plain language of the plea agreement and Grant's sworn statements during the Rule 11 plea colloquy contradict his current claims. Accordingly, Grant's assertion that his guilty plea was induced by the government's alleged unconditional promise to file a downward departure motion is meritless.[2]

The remainder of Grant's arguments are based on his erroneous assertion that the government unconditionally promised to move for a downward departure. Petitioner asserts that his counsel was ineffective in failing to "object to the prosecution's breach of the plea agreement during sentencing in terms of the prosecution never coming forward to file a (5K1.1) motion [sic]." Grant's petition, at 6.

To prove that the ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 687,

---

[2] Significantly, Grant does not assert his factual innocence of the offense to which he pled guilty.

6

104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bell v. Evatt*, 72 F.3d 421, 427 (4th Cir.1995), *cert. denied sub nom. Bell v. Moore*, 518 U.S. 1009, 116 S.Ct. 2533, 135 L.Ed.2d 1056 (1996). A petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Bell*, 72 F.3d at 427 (*citing Strickland*, 466 U.S. at 688, 694, 104 S.Ct. at 2064-65, 2068).

Petitioner seems to feel his counsel should have argued at sentencing that the government had made an unconditional promise to move for a downward departure, regardless of the plain language of the plea agreement and Grant's failure to provide substantial assistance.  Trial counsel are not required to make meritless arguments to the court.  In fact, as noted above, there was no unconditional promise made by the government to move for a downward departure.  As the Fourth Circuit has repeatedly stated, only the government and not defense counsel has the authority to move for a downward departure based upon a defendant's substantial assistance.  *Maddox*, 48 F.3d, at 795-97; *LeRose,* 219 F.3d, at 342.  Thus, failing to raise such a frivolous claim does not

7

fall below an objective standard of reasonableness.  *See Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986); also s*ee* Model Rules of Professional Conduct R. 3.1.

Moreover, Grant cannot show how he was prejudiced by counsel's failure to raise an issue that would not have changed the outcome of the sentencing.[3]  *See Beamon v. United States*, 189 F.Supp.2d 350, 357-58 (E.D. Va. 2002).  Thus, Grant's claim that counsel was ineffective for failing to assert that the government had made a fictitious unconditional promise to move for a downward departure is patently without merit.  *See Smith v. United States*, 2002 WL 32078934, *3 (D.S.C., Jan. 30, 2002).

Accordingly, petitioner has failed to state a claim for which relief can be granted, and the government's Motion for Summary Judgment is **GRANTED**.

---

[3]While counsel did not argue that the government had made an unconditional promise to move for a downward departure, the record reveals he nevertheless made a concerted effort to obtain the lowest possible sentence for his client by informing the court that Grant had made an effort at cooperation. During the sentencing hearing, counsel stated:

> I think it's important also to let the Court know that my client was cooperative with the Government and that did not lead to substantial assistance.  And I've explained that to my client.  We've talked about it, but he attempted to, and I think there is no doubt that he gave truthful information to the Government, it just did not lead to any substantial assistance.

Transcript of Grant's January 12, 2005, Sentencing Hearing, at 5.

**AND IT IS SO ORDERED**.

_____
David C. Norton
United States District Judge

Charleston, South Carolina
October 31, 2006